UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

YVONNE MAJOR, LTD., ET AL.                     CIVIL ACTION

VERSUS                                         NUMBER: 06-8735

STATE FARM FIRE AND CASUALTY                   SECTION: "C"(5)
COMPANY, ET AL.

**REPORT AND RECOMMENDATION**

Presently before the Court is the motion of defendant, Maryland Casualty Company ("MCC"), for discovery sanctions pursuant to Rule 37, Fed.R.Civ.P. (Rec. doc. 29). Plaintiffs have filed no opposition to defendant's motion. For the reasons that follow, it is recommended that MCC's motion be granted and that plaintiffs' claims against it be dismissed with prejudice.

This Katrina-related case as removed from the Orleans Parish Civil District Court on October 19, 2006. (Rec. doc. 1). Shortly thereafter, the District Judge issued an order directing the parties to submit memoranda on a potential jurisdictional issue. (Rec. doc. 5). Although the defendants timely complied with the

District Judge's order, plaintiffs filed no memorandum as directed. (Rec. docs. 6, 9). A second order was issued on November 28, 2006 asking plaintiffs to brief the jurisdictional issue by December 15, 2006. (Rec. doc. 10). As far as the record reflects, that second order was not complied with. Ultimately, the District Judge resolved the jurisdictional issue in defendants' favor and the case proceeded. (Rec. doc. 11).

On January 9, 2007, notice was issued scheduling a preliminary conference in this case for February 6, 2007 at 11:15 a.m. (Rec. doc. 12). A copy of that notice as sent to plaintiffs' counsel at his address of record but was returned as undeliverable on January 29, 2007. (Rec. doc. 14). Attempts to reach plaintiffs' counsel at his phone number of record were also unsuccessful. (Rec. doc. 15). Accordingly, the preliminary conference was continued to March 9, 2007 at 9:45 a.m. and plaintiffs' counsel was instructed to file a notice of change of address prior to that date. (Id.). Again, as far as the record reflects, no notice of change of address was filed. Nevertheless, the preliminary conference went forward as scheduled, during which various dates and deadlines were established, including a date of March 23, 2007 by which the parties were to exchange initial disclosures. (Rec. doc. 16, p. 1).

On June 13, 2007, MCC filed a motion to compel discovery,

2

representing therein that plaintiffs had failed to provide initial disclosures as directed and had also failed to respond to discovery requests propounded on February 9, 2007.  (Rec. doc. 20).  A similar motion was filed by MCC's co-defendant, State Farm, on June 26, 2007 and the Court scheduled oral argument on both motions for July 11, 2007 at 11:00 a.m.  (Rec. docs. 22, 21, 24).  Plaintiffs filed no opposition to either of the motions which were granted as unopposed on July 10, 2007, with plaintiffs being given ten days within which to respond to defendants' outstanding discovery requests.  (Rec. doc. 28).  When that time frame passed and MCC had not received discovery responses as ordered by the Court, it filed a motion for discovery sanctions on July 26, 2007.  (Rec. doc. 29).  Once again, no opposition to MCC's motion was submitted on plaintiffs' behalf but their counsel did appear at the hearing held on August 15, 2007 and was given until August 29, 2007 within which to formally respond to MCC's outstanding discovery requests and to provide MCC with their initial disclosures.  (Rec. doc. 31).  The Court also granted MCC leave to re-urge its request for sanctions if the Court's order was not complied with.  (Id. at p. 2).

   On August 30, 2007, MCC filed a motion to reset the hearing on its motion for sanctions, alleging that plaintiffs had failed to comply with the Court's order of August 15, 2007.  (Rec. doc. 32).  The Court scheduled oral argument on defendants' motion for

3

September 26, 2007 and, once again, plaintiffs filed no opposition to MCC's motion in the nearly one month period that passed between the date that the motion to reset was filed and the noticed hearing date.  MCC's counsel appeared before the Court on September 26, 2007 at the appointed time and advised that he still had not received initial disclosures or discovery responses from plaintiffs.  Accordingly, the Court announced its intention to issue this Report and Recommendation in light of plaintiffs' repeated failures noted above.  (Rec. doc. 35).

Rule 37(b)(2)(C) and (d) of the Federal Rules of Civil Procedure allows a district court to dismiss a lawsuit with prejudice when a party fails to appear for a properly noticed deposition or fails to comply with a discovery order.  Batson v. Neal Spelce Associates, Inc., 765 F.2d 511, 514-17 (5th Cir. 1985); Kabbe v. Rotan Mosle, Inc., 752 F.2d 1083, 1084-85 (5th Cir. 1985). Dismissal with prejudice being a severe sanction, its use is appropriate only where the refusal to comply results from willfulness or bad faith and is accompanied by a record of delay or contumacious conduct.  Coane v. Ferrara Pan Candy Company, 898 F.2d 1030, 1032 (5th Cir. 1990).  In addition, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, an action may be dismissed based on the failure of the plaintiff to prosecute his case or to comply with an order of the court.  Lopez v. Aransas County

4

<u>Independent School District</u>, 570 F.2d 541 (5th Cir. 1978).

As noted above, plaintiffs have failed to provide initial disclosures or discovery responses to MCC which are now overdue by at least six months.  Plaintiffs have also failed to abide by two orders directing them to provide disclosures and discovery responses by dates certain, orders which were issued after MCC filed three separate motions to which no oppositions were filed. Under these circumstances, the Court is constrained to conclude that plaintiffs have no further interest in prosecuting this case.

### **RECOMMENDATION**

For the foregoing reasons, it is recommended that plaintiffs' claims against defendant, Maryland Casualty Company, be dismissed with prejudice pursuant to Rules 37(b)(2)(C) and (d) and 41(b) of the Federal Rules of Civil Procedure.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  <u>Douglass v. United Services Auto. Assoc.</u>, 79 F.3d 1415 (5th Cir. 1996)(<u>en</u> <u>banc</u>).

New Orleans, Louisiana, this __12th__ day of _____October_____, 2007.

_____
UNITED STATES MAGISTRATE JUDGE